HARRY ARBESMAN, Respondent, *v.* JOHN G. SATTLER and Others, Appellants, Impleaded with MAX KATZ, Defendant.

Fourth Department, June 28, 1927.

**Vendor and purchaser — contract of sale provided that city and county taxes should be prorated as of November 1, 1924 — property is in city of North Tonawanda — school taxes are city taxes — fiscal year of city commenced January first — under Education Law, § 877, subd. 2, school year is same as city's fiscal year — seller required to pay ten-twelfths of school taxes for year 1924.**

This is an action to recover on a promissory note given by the vendee for the purchase of property. The contract for the purchase provided that all taxes which might be a lien on the premises should be paid by the seller, except the city and county taxes for the current fiscal year, which should be prorated between the parties as of November 1, 1924. The question at issue is the prorating of the school taxes. The property is situated in the city of North Tonawanda, and, under the charter of that city, the fiscal year begins on the first day of January. The city treasurer is the collector of all taxes, including the school taxes, for under chapter 128 of the Laws of 1923, amending the city charter, the school taxes are a part of the city taxes and collected in the same manner as city taxes are collected. In view of subdivision 2 of section 877 of the Education Law, the school year for tax purposes commenced on the first day of January, and, therefore, by prorating the city taxes on the property in question, including the school taxes, as of the 1st day of November, 1924, the seller is required to pay ten-twelfths of the school taxes under the terms of the contract.

APPEAL by the defendants, John G. Sattler and others, from a judgment of the Supreme Court in favor of the plaintiff, entered in the office of the clerk of the county of Erie on the 4th day of October, 1926, upon the report of a referee appointed to hear and determine the whole issues.

*Maurice Yellen* [*James O. Moore* of counsel], for the appellants.

*Isador Setel* [*Philip A. Laing* of counsel], for the respondent.

SEARS, J.   The question involved in this appeal arises under the provisions of a clause in a contract for the sale of certain real property situate in the city of North Tonawanda.   The clause reads as follows: " All taxes which may be a lien on premises shall be paid by the seller except the city and county taxes for the current fiscal year which shall be pro-rated and adjusted between the parties hereto as of November 1, 1924."

The action is on a promissory note given for a part of the purchase price of the premises.   That part of the city and county taxes for the current fiscal year which under the clause above quoted is chargeable to the seller is recognized by all parties as a proper offset to reduce the amount recoverable on the promissory note.

The matter in dispute relates solely to the taxes imposed for school purposes.   The learned official referee to whom the issues were referred to hear, try and determine reached the conclusion that the taxes for school purposes were a part of the city taxes within the meaning of the quoted clause of the contract, and that the fiscal year as to school matters began on the first day of August, although the fiscal year of the city in general began on the first day of January.

The charter of the city of North Tonawanda contains this clause: " The civil and fiscal year, under the provisions of this act, shall commence on the first day of January in each and every year." (Laws of 1907, chap. 752, tit. 30, § 7.)   It is provided by chapter 128 of the Laws of 1923, amending said charter, that the city treasurer shall be the collector of taxes for all school districts within the city of North Tonawanda, and that it shall be his duty as city treasurer to collect the same; and that all taxes to be collected by the treasurer shall be considered a part of the city taxes and shall be collected in the same manner and be governed by the same regulations as provided for the collection of city taxes.   Section 224 of the Education Law (as amd. by Laws of 1910, chap. 442), in relation to the terms of office of school district trustees, provides that " a school year shall be from August first until July thirty-first following."   It was in reliance on these enactments as well as on

those contained in section 410 of the Education Law (as amd. by Laws of 1924, chap. 36) that the learned official referee based his decision.

The appellants, however, urge that the terms of subdivision 2 of section 877 of the Education Law (added by Laws of 1917, chap. 786, as amd. by Laws of 1922, chap. 346) sustain their contention that the fiscal year for school taxes in the city of North Tonawanda does not differ from the fiscal year for city taxes in general. This section is not referred to by the learned official referee in his opinion. Presumably it was not specifically called to his attention. It contains the following provisions:

" The board of education in each city having a population of less than one million shall prepare annually an itemized estimate for the current or ensuing fiscal year of such sum of money as it may deem necessary for the purposes stated in this section, * * *. Such itemized estimate in such cities shall be filed at such times and in such manner as city departments or officers are required to submit estimates for such departments or officers. * * *

" 2. In a city which had, according to the State census of 1915, a population of less than fifty thousand such estimate shall be filed with the clerk of the common council and the common council shall include, except as otherwise provided herein, in the next annual tax and assessment roll of the city the amount specified in such estimate and the same shall be collected in the same manner as other city taxes are collected and shall be placed to the credit of the board of education as herein provided."

One purpose of this enactment seems to be to bring the school department into line with other city departments so far as raising money by taxation for the school department is concerned. In view of these provisions, we reach the conclusion that the school department's fiscal year is the same as the fiscal year for other city departments, namely, coincident with the calendar year. The city taxes, including the school taxes on the property to which the contract of sale relates for the fiscal year of 1924 amounted in all to the sum of $3,764.52. The ten-twelfths part of that sum, which is $3,137.93, is chargeable to the seller and reduces the amount recoverable on the promissory note upon which plaintiff brought this action.

The judgment should be modified on the law by reducing the amount of the recovery from $1,879.14 and interest thereon from June 21, 1926, amounting at the date of the judgment to $1,911.10, to $801.20 and interest thereon from June 21, 1926, amounting at the date of the judgment, October 4, 1926, to $807.08, and as so

modified affirmed, with costs in this court to the appellants.   Certain conclusions of law disapproved and new conclusions made.

All concur.   Present — HUBBS, P. J., CLARK, SEARS, TAYLOR and SAWYER, JJ.

Judgment modified on the law by reducing the recovery to $807.08, and as so modified affirmed, with costs of this appeal to the appellants.   Certain conclusions of law disapproved and new conclusions made.